# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN
~~RD~~
ATTORNEY GENERAL



The State Board of Control
Austin, Texas

Attention Mr. Clark Wright

Gentlemen:

Opinion No. O-1678
Re: Construction of Art. 647, R.C.S.
1925, relating to preferences of local
bidders.

Thank you for your letter of November 13, 1939, requesting the opinion of this department as to the proper construction of Article 647 of the Revised Civil Statutes of Texas, 1925, when applied to the situation set forth in your letter, which reads in part as follows:

"In connection with certain bids a question has arisen as to the proper construction of Article 647, Revised Civil Statutes, 1925. On certain types of merchandise purchased by the Board of Control for various institutions of the State, there are usually several bidders. Some of these bidders are corporations organized under the laws of Texas and doing business in Texas. Each of them maintains in stock at their place of business in Texas most of the merchandise, which, through their bids, they offer to sell the State. This merchandise is also offered for sale to the general public. The other bidding on these items are foreign corporations, each of which has a permit to do business in Texas. Some of them have agents or representatives, but none of them maintains in Texas a stock of the merchandise they offer through their bids to sell the State. In some instances, both state and foreign corporations have bid exactly the same amount on the identical article.

"Question: Under the facts above stated, where the bids are the same on the identical article, and assuming that other things are equal, which, if any, of the above mentioned bidders are entitled to preference under Article 647 or any other statute applying?"

Article 647, supra, reads as follows: "The terms and conditions, and the period for which such bids or proposals are invited shall be clearly stated in the advertisement. When the same article is estimated for by two or more institutions, but of different brands or grades, such articles shall be purchased so as to produce uniformity in use by each institution, and other things being equal, supplies offered by bidders who have an established local business, shall have preference." (Underscoring ours).

Article 647 as originally enacted was Section 4 of Senate Bill No. 172, Acts 1899, Twenty-sixth Legislature, General Laws 1899, page 138, and read in

part as follows: ". . . The period for which such bids or proposals are invited shall be clearly stated in said advertisement, as well as the terms and conditions contemplated by the provisions of this chapter; when the same article is estimated for by two or more institutions, but of different brands or grades, the purchasing agent may determine which of the brands or grades shall be purchased so as to produce uniformity in use by all the institutions; provided, that other things being equal, supplies offered by bidders who have an established local business in this State shall have preference." (Underscoring ours).

The Section in question (now Article 647, Revised Civil Statutes, 1925) became Article 7328 of the Revised Civil Statutes, 1911, and was not materially changed. However, in 1915, Article 7328 was amended (Acts 1915, Chapter 128) so as to appear in the same form as the present Article 647 of the Revised Civil Statutes, 1925.

We call your attention also to Article 650 of the Revised Civil Statutes of 1925, which reads as follows: "The Board may advertise for the various articles and supplies needed either separately or all together, and may accept a bid for the same to be furnished either separately or all by one bidder. Preference shall be given, all things being equal, to State products." (Underscoring ours).

It may be seen that the Legislature has directed its agents that the policy to be pursued in making its contracts should be to favor Texas concerns and Texas products over out of state products and business establishments, other things being equal. From this interpretation of the legislative intent in enacting these statutes, it is clear that under the facts presented in your letter, corporate bidders organized under the laws of this State and doing business in this State, should be given preference under Article 647, supra, over foreign corporate bidders having a permit to do business in this State, but not maintaining stocks of merchandise in Texas.

Perhaps a question might be raised as to the authority of the Legislature to so discriminate against foreign corporate bidders. However, we believe that when the State has cast off its cloak of sovereignty, and has stepped forward in its proprietary capacity, it may contract as any individual or private corporation. Just as an individual or private corporation may deem it good business to give preference to Texas produce and Texas business establishments, so also may the State.

Paragraph 3951 (3), Volume 14-A Corpus Juris, page 1251, reads in part as follows: "A corporation is not a 'citizen' within the meaning of that clause of the Federal Constitution which declares that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states, or the clause in the Fourteenth Amendment providing that no state shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States. They are mere creatures of the local law, entitled to recognition in other states and to the enforcement of their contracts therein only on such terms as such states may see fit to impose.

Therefore, these clauses do not affect the rule that a corporation created by one state can exercise none of the functions or privileges conferred by its charter in any other state of the Union, except by the comity and consent of the latter. It follows that a state may discriminate in favor of its own corporations against corporations chartered by another state; and such discrimination is not unconstitutional as a discrimination against the individual citizens of the other state. As to the nature and degree of discrimination, it belongs to the state to determine, subject only to such limitations on her sovereignty as may be found in the fundamental law of the Union. . . ." (Underscoring ours).

It is well established by the decisions of the Supreme Court of the United States and the Texas Supreme Court that in entering into a contract a state lays aside its attributes of sovereignty and binds itself substantially as one of its own citizens under his contract, and the law which measures individual rights and responsibilities measures with few exceptions those of the states.

Hartman v. Greenbow, 102 U.S. 672, 26 Law. Ed. 271;
Poindexter v. Greenbow, 114 U. S. 270, 29 Law Ed. 185;
Keith v. Clark, 97 U. S. 454, 24 Law Ed. 1071;
Murray v. Charleston 96 U. S. 432, 24 Law Ed. 760;
Charles Scribners' Sons v. Marrs, 114 Tex. 11, 262 S.W. 722;
Conley v. Daughters of the Republic, 106 Tex. 877, 156 S.W. 197.

See also 36 Cyc., pages 869, 871; 25 Ruling Case Law, Section 25,, page 392.

Consequently, you are respectfully advised, and it is the opinion of this department, that when equal bids are submitted to the Board of Control in accordance with the provisions of Chapter 3 of Title 20 of the Revised Civil Statutes, 1925, by a Texas corporation and a foreign corporation, and all other considerations are equal, it is the duty of the State Board of Control and its purchasing agent under Article 647 of the Revised Civil Statutes of Texas, 1925, to give preference to the Texas corporation.

Yours very truly

JS:FG:egw

ATTORNEY GENERAL OF TEXAS

APPROVED NOV. 20, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
    Walter R. Koch
        Assistant

Approved: Opinion Committee
    B W B - Chairman

By /s/ James D. Smullen
    James D. Smullen